

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

OSHANE SPENCER

    *Plaintiff,*

**JURY TRIAL DEMANDED**

V.

Case No.:

**1:26 -CV- 0770**

EXPERIAN INFORMATION SOLUTIONS INC

    *Defendants,*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, OSHANE SPENCER, ("Mr. Spencer"), and complains of the Defendant, EXPERIAN INFORMATION SOLUTIONS INC ("Experian"), stating as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages, as well as costs, brought by Mr. Spencer against Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.    Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3.    Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4.    Venue is proper in Clayton, County, Georgia because the acts complained of were committed and/or caused by the Defendant within County.

### PARTIES

5.     Mr. Spencer is a natural person residing in Clayton, County, Georgia.

6.     Mr. Spencer is a Consumer as defined by 15 U.S.C. § 1681a(c).

7.     Defendant Experian Information Solutions, Inc. is subject to the provisions of the Fair Credit Reporting Act, and this Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p.

8.     Experian Information Solutions, Inc. is a nationwide consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f). For monetary fees, dues, or on a cooperative nonprofit basis, Experian regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information and other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses the means and facilities of interstate commerce, including the mail and the internet, in preparing and furnishing consumer reports. As a consumer reporting agency, Experian is aware of and subject to its obligations under the Fair Credit Reporting Act.

## FACTS

9.     The plain language of the Fair Credit Reporting Act requires that a consumer reporting agency clearly and accurately disclose to the consumer all information contained in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1). As explained in *Rawls v. Trans Union, LLC*, No. 1:24-CV-3948-VMC-CCB, 2025 WL 2429105, at *5 (N.D. Ga. Aug. 5, 2025), report and recommendation adopted, No. 1:24-CV-03948-VMC-CCB, 2025 WL 3567186 (N.D. Ga. Sept. 17, 2025), the statute mandates a complete, clear, and accurate disclosure of the consumer's file.

10.    Congress requires that consumer disclosures be made clearly and accurately, so that consumers may fully understand the contents of their files to allow the consumer to compare the disclosed information against the consumer's personal information in order to determine accuracy.

11.     On or about February 2026, Plaintiff requested his consumer file disclosure from Experian through the centralized source, AnnualCreditReport.com.

12.     Defendant responded to Plaintiff's consumer file disclosure request by providing a PDF copy of Plaintiff's consumer file disclosure dated February 6, 2026. Plaintiff alleges that this disclosure failed to clearly and accurately disclose all information contained in his file, in violation of 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act.

**ACCOUNTS AT ISSUE**

13.     Whenever this Complaint refers to accounts and/or items of information, it refers to the following account items at issue:

●   Navy Federal Credit Union account beginning in 406095.

**EXPERIAN'S FAILURE TO CLEARLY AND ACCURATELY DISCLOSE INFORMATION VIOLATES 15 U.S.C. § 1681g(a)(1) AND IMPEDES PLAINTIFF'S STATUTORY RIGHT TO DISPUTE INACCURATE INFORMATION**

14.     The Navy Federal Credit Union account beginning in 406095 contained multiple items of information that were not clearly or accurately disclosed. Experian failed to clearly and accurately disclose the full account number.

15.     The disclosure further reflects that the account was closed between June 2025 and December 2025, yet simultaneously reports the account as 30 days past due in November 2025, 60 days past due in December 2025, and 60 days past due in January 2026. This internally inconsistent reporting is misleading and inaccurate. In addition, Experian failed to clearly and accurately disclose the actual date the account was closed.

16.     Stating that the account was closed at the creditor's request sometime between June 2025 and December 2025 does not clearly or accurately disclose the specific month or date of closure. This lack of specificity prevents Plaintiff from determining when the

account was closed, assessing the accuracy and lawfulness of the reported delinquency, and meaningfully disputing the account, in violation of 15 U.S.C. § 1681g(a)(1).

17.    Upon information and belief, the furnishers of the items at issue provided Experian with the information, Experian retained that information, and Experian possessed it at the time of Plaintiff's request but failed to disclose it.

18.    The information identified throughout this Complaint, which Plaintiff alleges was missing, withheld, omitted, left blank, or not clearly and accurately disclosed, constitutes information that furnishers are required to provide to Experian as a consumer reporting agency and information contained in Plaintiff's consumer file. Accordingly, Experian was required to disclose this information pursuant to 15 U.S.C. § 1681g(a)(1).

19.    Upon information and belief, Experian has included full account numbers or more than six digits of account numbers associated with other items of information in its reports.

20.    This information was contained in prior reports, appears in current reports, or was capable of being included in consumer reports prepared and maintained by Experian and provided to third parties, demonstrating that Experian possessed or retained this information at the time of Plaintiff's disclosure request.

## SYSTEMIC PREVALENCE OF TRUNCATED ACCOUNT NUMBERS AND MISSING ACCOUNT DATA PREVENTED PLAINTIFF FROM OBTAINING A CLEAR AND ACCURATE DISCLOSURE

21.    Full account numbers are essential to allow consumers to determine whether a reported tradeline actually belongs to them, whether it is associated with a transaction they authorized, and whether the account is the product of error, misattribution, or identity theft.

22.     Without access to complete account numbers, consumers, including Plaintiff, are unable to meaningfully verify ownership of reported accounts, reconcile duplicate or fragmented tradelines, or accurately dispute inaccurate or fraudulent information, thereby frustrating the remedial purpose of the Fair Credit Reporting Act and violating 15 U.S.C. § 1681g(a)(1).

23.     The Federal Trade Commission has explained that a consumer reporting agency that routinely truncates or scrambles account numbers (or Social Security numbers) does not comply with Section 609 because such practices fail to provide an "accurate," and potentially not a "clear," disclosure of "all information" in the consumer's file.

24.     The FTC has stated that truncation may be permissible only where a consumer expressly requests that certain items be abbreviated or revised. Here, Plaintiff made no such request.

25.     Plaintiff requested a full file disclosure and relied on Experian to provide all information clearly and accurately, as required by 15 U.S.C. § 1681g(a)(1). Experian's unilateral truncation and omission of material account information therefore violated the statute.

26.     The specific date an account is closed is material information that must be clearly and accurately disclosed.

27.     The closure date determines whether any reported delinquency occurred before or after closure, whether the account was closed in good standing or due to default, and whether subsequent reporting is lawful.

28.     Without a clear and accurate closure date, a consumer cannot determine when any alleged delinquency arose, cannot assess whether the reported payment history is internally consistent, and cannot meaningfully dispute the account.

29.     By stating only that the account was closed at the creditor's request sometime between June 2025 and December 2025, Experian failed to disclose a material data point necessary for Plaintiff to understand and challenge the reporting, in violation of 15 U.S.C. § 1681g(a)(1).

30.     An accurate disclosure of unclear information defeats the consumer's ability to review the credit file, eliminating a consumer protection procedure established by Congress under the FCRA. Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007).

31.     A consumer file disclosure cannot be clear or accurate where, as here, Experian failed to disclose the full account number or all account numbers associated with the Navy Federal Credit Union account beginning in 406095.

32.     This information was contained in Experian's files and was in Experian's possession at the time of Plaintiff's disclosure request.

33.     The plain language of the Fair Credit Reporting Act requires that a consumer reporting agency 'clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g(a)(1).

34.     In the absence of binding authority holding that a truncated account number constitutes a clear and accurate disclosure, courts have found that a plaintiff plausibly states a violation of Section 609 of the FCRA. See Rawls v. Trans Union, LLC, No. 1:24-CV-3948-VMC-CCB, 2025 WL 2429105, at 5 (N.D. Ga. Aug. 5, 2025), report and recommendation adopted, No. 1:24-CV-03948-VMC-CCB, 2025 WL 3567186 (N.D. Ga. Sept. 17, 2025).

35.     The primary purpose of the disclosure requirement under § 1681g(a)(1) is to enable consumers to identify inaccurate information in their credit files and to correct that information through the dispute process established under § 1681i.

36.     As explained in Gillespie v. Equifax Information Services, L.L.C., 484 F.3d 938, 941 (7th Cir. 2007), 'clearly' means without doubt or question, and 'accurately' means in an accurate manner.

37.     By withholding truthful and complete account number information and failing to clearly and accurately disclose the specific date the account was closed, Experian caused Plaintiff to doubt and question the accuracy of the Navy Federal Credit Union account.

38.     This lack of clarity defeated the statutory purpose of the disclosure requirement by preventing Plaintiff from understanding, evaluating, and meaningfully disputing the account, in violation of 15 U.S.C. § 1681g(a)(1).

## EXPERIAN FAILED TO MAINTAIN REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY IN VIOLATION OF 15 U.S.C. § 1681e(b)

39.     The Fair Credit Reporting Act requires more than just accuracy in consumer reports it requires "maximum possible accuracy.

40.     The Navy Federal Credit Union account beginning in 406095 appeared in consumer reports prepared and maintained by Experian concerning Plaintiff in a materially inaccurate and objectively misleading manner.

41.     Experian reported that the account was closed between June 2025 and December 2025, yet simultaneously reported the account as 30 days past due in November 2025, 60 days past due in December 2025, and 60 days past due in January 2026.

42.     An account cannot accrue new delinquency statuses after it has been closed, as closure terminates any ongoing billing cycle.

43.     This internally inconsistent reporting renders the account and its associated information patently false, inaccurate, and misleading and reflects Experian's failure to

maintain reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b).

44.     The reporting further prevented Plaintiff from determining when any alleged delinquency occurred, whether the reporting was lawful, and how to meaningfully dispute the account.

45.     A reasonable creditor reviewing this report would be unable to determine whether the account was open or closed at the time of the alleged delinquencies, rendering the report objectively misleading.

46.     This contradictory reporting demonstrates that Experian failed to have and or maintain reasonable procedures to assure maximum possible accuracy of the information it prepared and disseminated, in violation of 15 U.S.C. § 1681e(b).

47.     Inaccurate credit reports by themselves can fairly be read as evidencing unreasonable procedures Philbin v. Trans Union Corp., 101 F.3d 957, 964 (3d Cir. 1996).

## ACTUAL DAMAGES

48.     Because Experian failed to clearly and accurately disclose all information contained in Plaintiff's consumer file upon Plaintiff's proper request, Plaintiff experienced confusion and was unable to verify whether the account at issue pertained to any transaction conducted by him. Plaintiff could not reconcile the reported information with his own records because Experian failed to disclose complete and truthful account information.

49.     As a result of Experian's inadequate disclosure, Plaintiff expended significant time attempting to understand the incomplete and unclear information provided, including efforts to determine the full account number and the actual date on which the account allegedly closed. Plaintiff was unable to do so because Experian omitted information that should have been included in the disclosure.

50.    Plaintiff further suffered wasted time and emotional distress arising from the frustration and anxiety caused by attempting to evaluate a disclosure that was unclear, incomplete, and functionally useless for its intended purpose.

51.    Plaintiff also suffered concrete informational harm because material information, including full account numbers and the actual month and year the account was closed, was contained in Experian's files at the time of Plaintiff's disclosure request and was information Plaintiff was legally entitled to receive, but did not receive.

52.    Had Experian provided this information, Plaintiff would have been in a meaningful position to analyze the reported information against his own records and to meaningfully exercise his statutory rights under the reinvestigation procedures set forth in 15 U.S.C. § 1681i. Experian's actions and inactions deprived Plaintiff of that opportunity and materially interfered with his ability to effectively dispute and challenge the reported information.

53.    Because Experian failed to have and or maintain reasonable procedures to assure maximum possible accuracy, Plaintiff suffered actual damages, including a lower credit score, emotional distress, frustration, anger, and other negative emotional harm, as a direct result of Experian's inaccurate and misleading reporting of the Navy Federal Credit Union account beginning in 406095 and its associated information.

### EXPERIAN'S ACTIONS WERE WILLFUL

54.    Experian's violations of the Fair Credit Reporting Act were willful within the meaning of 15 U.S.C. § 1681n. Under Safeco Insurance Co. of America v. Burr, willfulness includes reckless conduct, defined as action entailing an unjustifiably high risk of violating the statute that is either known or so obvious that it should be known.

55.    Experian has long known that, as a consumer reporting agency, it is required to clearly and accurately disclose all information contained in a consumer's file upon the consumer's request, unless the consumer affirmatively requests truncation or redaction of

that information. This obligation applies with equal force to disclosures provided through Experian's centralized disclosure channel, including disclosures furnished through AnnualCreditReport.com.

56.     More than two decades ago, the Federal Trade Commission issued formal guidance confirming this obligation. In the FTC's June 30, 2000 Darcy Opinion Letter, the Commission stated in pertinent part that a consumer reporting agency that always scrambles or truncates account numbers or Social Security numbers does not comply with Section 609 of the Fair Credit Reporting Act because it fails to provide an accurate and clear disclosure of all information in the consumer's file.

57.     Despite this clear and longstanding guidance, Experian has routinely, as a matter of standardized practice and procedure, failed to disclose complete account information in consumer file disclosures generated through its templated and automated disclosure systems.

58.     Experian's disclosure practices systematically omit or truncate material account data, including full account numbers and complete account status information, regardless of whether the consumer requested such truncation.

59.     Upon information and belief, Experian has not meaningfully revised, corrected, or implemented procedures designed to ensure compliance with Section 1681g(a)(1) or to conform its disclosure practices to federal regulatory guidance.

60.     Instead, Experian continues to rely on templated disclosure formats and automated suppression logic that withhold material information from consumers by default.

61.     This is not Experian's first notice that such practices create a substantial risk of violating the Fair Credit Reporting Act. Upon information and belief, Experian has been repeatedly sued for similar disclosure failures, including claims alleging that disclosures lacking complete account information are inaccurate, unclear, or misleading in violation of the statute.

62.     Courts within this District and elsewhere have recognized that disclosures omitting such information may fail to satisfy the statutory requirement to clearly and accurately disclose all information contained in a consumer's file.

63.     In light of this regulatory guidance, litigation history, and the plain statutory language, Experian knew or should have known that its disclosure practices presented an unjustifiably high risk of violating consumers' rights.

64.     Nevertheless, Experian continued these practices without implementing reasonable corrective measures, reflecting reckless disregard for its statutory obligations.

65.     Experian likewise knew that it was required to have and maintain reasonable procedures to assure maximum possible accuracy of the information it prepares and disseminates concerning consumers.

66.     Despite this obligation, Experian continues to inaccurately report and disclose consumer information, including internally inconsistent account data, and has failed to adjust its policies or procedures in a manner that would prevent such violations.

67.     Experian's continued adherence to these practices demonstrates at least negligent noncompliance, and in the alternative reckless and willful noncompliance with the Fair Credit Reporting Act.

## COUNT I

### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681g(a)(1)
### Failure to Clearly and Accurately Disclose All Information in Plaintiff's Consumer File

68.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.     The Fair Credit Reporting Act requires a consumer reporting agency, upon request, to clearly and accurately disclose to the consumer all information contained in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

70.     Plaintiff made a proper request for his consumer file disclosure through Experian's centralized disclosure system, including AnnualCreditReport.com.

71.     At the time of Plaintiff's request, Experian possessed materially important account information concerning the Navy Federal Credit Union account beginning in 406095, including full account number information and the specific date the account was closed.

72.     Experian failed to clearly and accurately disclose this information to Plaintiff. Instead, Experian provided a disclosure that omitted or truncated material account data and reported the account as closed within a broad and indeterminate range of months, while simultaneously reporting post-closure delinquencies.

73.     Experian's disclosure was unclear, incomplete, and misleading, and failed to provide Plaintiff with a meaningful understanding of the contents of his consumer file.

74.     By withholding truthful and complete information contained in Plaintiff's file, Experian deprived Plaintiff of the ability to verify ownership of the account, assess the lawfulness of the reporting, and meaningfully dispute the account as contemplated by Congress.

75.     As a direct and proximate result of Experian's violation of 15 U.S.C. § 1681g(a)(1), Plaintiff suffered actual damages, including wasted time, emotional distress, frustration, informational harm, and impairment of his statutory rights under the Fair Credit Reporting Act.

## COUNT II

## Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681e(b)

**Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy**

76.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.    The Fair Credit Reporting Act requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information they prepare and disseminate. 15 U.S.C. § 1681e(b).

78.    Experian prepared and maintained consumer reports concerning Plaintiff that contained materially inaccurate and objectively misleading information regarding the Navy Federal Credit Union account beginning in 406095.

79.    Experian reported that the account was closed between June 2025 and December 2025, while simultaneously reporting the same account as 30 days past due in November 2025, 60 days past due in December 2025, and 60 days past due in January 2026.

80.    An account cannot accrue new delinquency statuses after it has been closed, as closure terminates any ongoing billing cycle.

81.    This internally inconsistent reporting rendered the account information patently false, inaccurate, and objectively misleading to any reasonable user of the report.

82.    A reasonable creditor reviewing the report would be unable to determine whether the account was open or closed at the time of the alleged delinquencies, making the report misleading as a matter of law.

83.    Experian's publication of mutually exclusive account statuses demonstrates that Experian failed to have and or maintain reasonable procedures to assure maximum possible accuracy of the information it prepared and disseminated concerning Plaintiff.

84.    As a direct and proximate result of Experian's violation of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including a lower credit score, emotional distress, frustration, anger, wasted time, informational harm, and impairment of statutory rights.

## COUNT III

### Willful Violations of the Fair Credit Reporting Act
### 15 U.S.C. § 1681n

85.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86.    Experian's violations of the Fair Credit Reporting Act were willful within the meaning of 15 U.S.C. § 1681n.

87.    Under Safeco Insurance Co. of America v. Burr, willfulness includes reckless conduct that entails an unjustifiably high risk of violating the statute that is either known or so obvious that it should be known.

88.    Experian has long known that it is required to clearly and accurately disclose all information contained in a consumer's file upon request, unless the consumer affirmatively requests truncation.

89.    Despite longstanding federal guidance, including the Federal Trade Commission's June 30, 2000 Darcy Opinion Letter, Experian has routinely relied on templated and automated disclosure practices that truncate or omit material account information by default.

90.    Experian's standardized disclosure practices through centralized systems such as AnnualCreditReport.com systematically withhold complete account information, regardless of whether a consumer requested truncation.

91.    Experian likewise knew or should have known that reporting mutually exclusive account statuses creates a substantial and obvious risk of misleading creditors and violating the Fair Credit Reporting Act.

92.    Despite this risk, Experian failed to revise its policies, procedures, or systems to prevent inaccurate reporting and incomplete disclosures.

93.    Experian's continued adherence to these practices demonstrates reckless disregard for Plaintiff's rights and constitutes willful noncompliance with the Fair Credit Reporting Act.

94.    As a result of Experian's willful violations, Plaintiff is entitled to statutory damages, actual damages, punitive damages, costs, and such other relief as permitted by law.


Date February 9th 2026

Respectfully submitted,

/s/ Oshane Spencer

2625 LoveJoy Crossing LN

Hampton GA 30228-5988 Clayton

Email: oshane_spencer@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9th, 2026, a true and correct copy of the foregoing Complaint and Demand for Jury Trial was served upon Defendant Experian Information Solutions, Inc., by and through its registered agent for service of process, via certified mail and or electronic service, pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Oshane Spencer

2625 LoveJoy Crossing LN

Hampton GA 30228-5988 Clayton

Email: oshane_spencer@yahoo.com